UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PRO PUBLICA, INC. | X<br>)<br>) |
| Plaintiff, | ) **COMPLAINT** |
| -against- | ) |
| DEFENSE HEALTH AGENCY, | ) Civil Action No. |
| Defendant. | )<br>)<br>X |

Plaintiff PRO PUBLICA, INC. ("ProPublica"), by its undersigned attorneys, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action for relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the Defense Health Agency (the "Agency" or "DHA") to produce records, as required by law, relating to its military healthcare billing database. The data requested is of deep and urgent public importance: the information sought is critical to identifying elevated incidence rates of certain environmentally caused diseases, including cancers, for people living on or near military installations, and identifying potential causes for those rates.

2. Plaintiff first submitted a FOIA public records request ("Request") to DHA on November 3, 2022, seeking to obtain appropriately redacted records from a military healthcare billing database operated by Tricare, a healthcare program for armed service members, retirees, and their families. The Tricare data, which captures the medical histories of more than 9 million active-duty members of the military, would allow Plaintiff to examine clusters of diseases that may be caused by environmental exposures that have occurred either through military service or by living on or near a military installation. The requested data would also provide an opportunity to

determine whether and where these elevated rates have occurred or may still be occurring. Determining if environmental factors may play a role in causing these clusters of diseases is of the utmost importance, not only to the active-duty military personnel and their family members, whose diagnoses will be included in the Tricare data, but also to the general public, who may be exposed to the same substances on an ongoing basis.

3. On November 7, 2022, DHA's FOIA officer acknowledged the Request, granted expedited processing, and provided an estimated date of January 20, 2023, to produce the requested data.

4. Since then, ProPublica has contacted DHA to follow up on the Request numerous times, via phone and email, but such inquiries have been systematically ignored by DHA officials. DHA has yet to provide any of the requested data or respond to any of ProPublica's communications with the agency on this matter.

5. Plaintiff has exhausted all administrative remedies available. DHA constructively denied Plaintiff's Request by failing to make a determination on it within 20 business days as required by FOIA, 5 U.S.C. § 552(a)(6)(A)(i), (a)(6)(C)(i), and by failing to respond to all follow-up inquiries over more than a year since then. Plaintiff accordingly seeks judicial relief compelling the Agency to promptly search for and produce the requested records as required by law.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7. Venue is premised on the place of business of Plaintiff ProPublica at 155 Avenue of the Americas, 13th Floor, New York, NY 10013 and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

8. Plaintiff ProPublica is a non-partisan newsroom based in New York City. It is a Delaware non-profit corporation and is exempt from taxation under Section 501(c)(3) of the Internal Revenue Code. ProPublica is dedicated to producing investigative journalism in the public interest. It has been honored with numerous awards, including six Pulitzer Prizes. ProPublica publishes its reporting through its website, www.propublica.org, and in partnership with more than 180 news organizations across the country, including The New York Times, The Washington Post, POLITICO, NPR News, The Miami Herald, The New Yorker, The Boston Globe, The Los Angeles Times, and Frontline. ProPublica has its principal place of business in this judicial district at 155 Avenue of the Americas, 13th Floor, New York, New York 10013.

9. Defendant DHA is an "agency" of the United States within the meaning of 5 U.S.C. § 552(f)(1). DHA is believed to have possession, custody, and control of records responsive to Plaintiff's Request. According to its website (https://www.usa.gov/agencies/defense-health-agency), DHA is headquartered at 7700 Arlington Blvd, Falls Church, VA 22042.

## FACTS

### I. PLAINTIFF PROPERLY SUBMITTED A FOIA REQUEST FOR AGENCY RECORDS

10. On November 3, 2022, Plaintiff properly submitted a targeted request to the Agency in accordance with FOIA and applicable Agency regulations, seeking anonymized records from the Tricare billing database for all medical diagnoses. The Request is attached to this Complaint as Exhibit 1. Specifically, Plaintiff requested:

> [T]he records as described below for the following diagnoses given to active duty personnel, retired service members, and their families as well as members of the National Guard and Reserve and their families, and survivors and other eligible beneficiaries of Tricare.

> The uniformed services include the U.S. Army, U.S. Navy, U.S. Air Force, U.S. Marine Corps, U.S. Coast Guard, the Commissioned Corps of the U.S. Public Health Service, and the Commissioned Corps of the National Oceanic and Atmospheric Administration through the Tricare system.
>
> This request pertains to all geographic areas covered by Tricare worldwide, including TRICARE West, TRICARE East, TRICARE Europe, TRICARE Pacific, and TRICARE Latin America and Canada.
>
> For all diagnoses, [Plaintiff] request[s] records showing the date of the diagnosis, the age and gender of the person being diagnosed, as well as the zip code of residence of the person, and the installation and medical center at which the diagnosis occurred.
>
> Further, [Plaintiff] request[s] records documenting the total number of persons at each base, and the total number of patients served at each medical center by year and age.
>
> [Plaintiff] also request[s] that these records include the unique, anonymous identifier used for each patient. [Plaintiff] do[es] not wish to reveal patients' identities. We are not requesting any fields, such as names or dates of birth, that would allow us to identify any individuals. We expect those fields to be left out or redacted. . . .
>
> Note that the Department of Defense has made such data available before, when providing records analyzed in this 2011 paper [linking to https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3839794/], "Unusual space-time patterning of the Fallon, Nevada leukemia cluster: Evidence of an infectious etiology."
>
> The time frame for our request is 1993 to the present.

11. The Request was submitted to the Agency's FOIA Service Center via email, as directed on the Agency's FOIA website and regulations. The Request "reasonably describes" the records Plaintiff seeks and believes to be in the possession of the Agency as required by FOIA. 5 U.S.C. § 552(a)(3)(A)(i).

## II. THE AGENCY FAILED TO MAKE A DETERMINATION WITHIN FOIA'S TIME LIMITS FOR PLAINTIFF'S REQUEST, AND PLAINTIFF HAS EXHAUSTED ITS ADMINISTRATIVE REMEDIES

12. DHA acknowledged receipt of Plaintiff's request by letter, dated November 7, 2022. In its letter, DHA assigned the Request "initial case number 23-00040" and granted

Plaintiff's request for expedited processing. DHA claimed that it would not be able to comply with FOIA's 20-day statutory time period "due to a high volume of requests" but provided an estimated date of completion of January 20, 2023.

13. Plaintiff followed up on its Request in writing on seven separate occasions between January 3, 2023, and September 1, 2023, contacting three different DHA officials and leaving numerous voicemails seeking the status of the Request. DHA never responded to any of these inquiries.

14. To date, DHA has not issued a final determination on the Request, nor has it produced any records. DHA has therefore missed the deadline of 20 business days to respond under FOIA.

15. Plaintiff has exhausted the administrative remedies available to it outside of litigation.

## CLAIMS FOR RELIEF

### COUNT I: Failure to Comply with FOIA

16. Plaintiff realleges and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

17. Plaintiff properly requested records within the possession, custody, and control of the Agency.

18. DHA is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it claims an exemption.

19. The Agency was required by 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to Plaintiff's FOIA Request and make responsive records promptly available to Plaintiff. More than a year has now passed since the Agency acknowledged receipt

of Plaintiff's Request, but DHA has still made no decision on that Request or produced any responsive records. ProPublica has a legal right under FOIA to obtain the records it requested, and Plaintiff is aware of no "exceptional circumstances" or legal basis for DHA's failure to respond to this Request or to make these records available.

20. DHA's failure to make promptly available the records sought by Plaintiff's Request violates FOIA, 5 U.S.C. §§ 552(a)(3)(A) and (a)(6)(A)(i), and applicable regulations promulgated thereunder.

21. Plaintiff is entitled to an order compelling DHA to produce the records sought by the Request immediately, without further delay.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

22. Declare that the records sought by the Request, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 and must be disclosed;

23. Order DHA immediately to disclose all responsive records to Plaintiff without further delay;

24. Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA under 5 U.S.C. § 552(a)(4)(E)(i); and

25. Grant Plaintiff such other and further relief as this Court deems just and proper.

Dated: December 14, 2023

                                                          Respectfully submitted,

                                                          HUGHES HUBBARD & REED LLP

By: *(signature)*
John M. Townsend (JT7388)
One Battery Park Plaza,
New York, NY 10004
(212) 837-6000

1775 I St NW
Washington, DC 20006
(202) 721-4640
john.townsend@hugheshubbard.com

Attorneys for Plaintiff, PRO PUBLICA, INC.



**Nov 3, 2022**

**FOIA REQUEST - Department of Defense**

**EXPEDITED PROCESSING REQUESTED**

Defense Freedom of Information Division
1155 Defense Pentagon
Washington, DC 20301-1155

Dear FOIA Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552, I request the records as described below for the following diagnoses given to active duty personnel, retired service members, and their families as well as members of the National Guard and Reserve and their families, and survivors and other eligible beneficiaries of Tricare.

The uniformed services include the U.S. Army, U.S. Navy, U.S. Air Force, U.S. Marine Corps, U.S. Coast Guard, the Commissioned Corps of the U.S. Public Health Service, and the Commissioned Corps of the National Oceanic and Atmospheric Administration through the Tricare system.

This request pertains to all geographic areas covered by Tricare worldwide, including TRICARE West, TRICARE East, TRICARE Europe, TRICARE Pacific, and TRICARE Latin America and Canada.

For all diagnoses, I request records showing the date of the diagnosis, the age and gender of the person being diagnosed, as well as the zip code of residence of the person, and the installation and medical center at which the diagnosis occurred.

Further, I request records documenting the total number of persons at each base, and the total number of patients served at each medical center by year and age.

I also request that these records include the unique, anonymous identifier used for each patient. We do not wish to reveal patients' identities. We are not requesting any fields, such as names or dates of birth, that would allow us to identify any individuals. We expect those fields to be left out or redacted. Because many diagnosis codes change over time, we have included both the current and past codes for diagnosis.

Note that the Department of Defense has made such data available before, when providing records analyzed in this 2011 paper, "Unusual space-time patterning of the Fallon, Nevada leukemia cluster: Evidence of an infectious etiology."

The time frame for our request is 1993 to the present.

I would like to receive the information in the following format: electronic, in a comma or tab delimited format, or any file format that allows for analysis of structured data.

I am available to discuss the scope of the request and any questions by phone (718) 877-5236 or email sharon.lerner@propublica.org.

As a representative of the news media, I am only required to pay for the direct cost of duplication after the first 100 pages. This information is being sought on behalf of ProPublica, an independent, non-profit news organization, for dissemination to the general public.

Please waive any applicable fees. Release of the information is in the public interest because it will contribute significantly to public understanding of government operations and activities. As a non-profit journalistic entity, ProPublica does not have the same commercial interests of other news organizations.

If my request is denied in whole or part, I ask that you justify all deletions by reference to specific exemptions of the Act. I will also expect you to release all segregable portions of otherwise exempt material. I, of course, reserve the right to appeal your decision to withhold any information or to deny a waiver of fees.

I also ask that this request be expedited under terms of the Freedom of Information Act. Expedited processing is allowed for requests that show a "compelling need," and ProPublica is primarily engaged in disseminating information, with an urgency to inform the public concerning federal government activity.

As the Act states, you have 10 days to decide whether to grant expedited processing.

Our rationale for expedited processing under the "compelling need" stipulation is as follows:

There is an urgent and significant need to inform the public about the contents of the requested records as soon as possible, as we believe they may show elevated rates of serious health effects for people living on or near military installations, related to environmental exposures. Several Congressional subcommittees, including the Senate's Homeland Security and Governmental Affairs Committee and the House Armed Services Committee, have held hearing on a related topics in recent years.

We believe that there may be elevated rates of certain medical conditions as a result of environmental exposures that have occurred either through military service or just by living on or near a military installation. Further, we believe that the Tricare data offer a unique opportunity to determine whether and where these elevated rates have occurred or may still be occurring. This matter is of the utmost importance not only to the active duty military personnel and their family members, whose diagnoses will be included in the Tricare data, but also to the general public, who may be exposed to the same substances on an ongoing basis.

It is well known that certain bases are contaminated with dangerous chemicals. Contamination with PFAS chemicals, for instance, has been well documented — and was the subject of a recent hearing in the subcommittee on Military Construction, Veterans Affairs, and Related Agencies of the House Appropriations Committee. More than 700 military bases are known to be contaminated with PFAS. According to a health advisory that the Environmental Protection Agency issued in June of this year, PFOA and PFOS, two chemicals in the class of chemicals, can cause health issues at levels as low as

0.004 and 0.02 parts per trillion, respectively. Previously, the agency said 70 parts per trillion could pose risks. It is of critical importance to determine whether people living on or near military installations with elevated levels of PFAS in their drinking water are experiencing higher rates of diseases we know or suspect to be associated with the chemicals, including testicular cancer, kidney cancer, ulcerative colitis, and preeclampsia.

Other widespread contaminants on military installations include trichloroethylene (TCE), perchloroethylene (PCE), and benzene, the effects of which include non-Hodgkin's lymphoma and acute myeloid leukemia. As a reporter at ProPublica, I am primarily engaged in disseminating information to the public in general.

ProPublica is a non-profit, investigative newsroom primarily engaged in disseminating information in the public interest. Since we began publishing in 2008, ProPublica has received six Pulitzer Prizes, eight George Polk Awards, and four Peabody Awards, among other recognitions of journalistic excellence.  We publish content daily on our website, propublica.org. Our newsroom has been actively covering environmental and health issues, and in requesting these records, would primarily engage in disseminating information (i.e., reviewing and reporting on these records and sharing our findings with the public).

I certify that my statements concerning the need for expedited processing are true and correct to the best of my knowledge and belief.

I look forward to your prompt reply, as the statute requires.

Thank you for your assistance.

Sincerely,

*Sharon Lerner*

Sharon Lerner
ProPublica
155 6th Ave, New York, NY 10013
Cell: 718-877-5236
sharon.lerner@propublica.org